IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JOSH ALLEN CLARY, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL NO. 7:12-CV-044 -HL-TQL |
| VS. : | |
| : | |
| JOE HASTINGS, et. al., : | |
| : | |
| Defendants. : | |

### ORDER & RECOMMENDATION

Plaintiff **JOSH ALLEN CLARY**, a prisoner at the Autry State Prison in Pelham, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and has paid the initial partial filing fee required by this Court. Plaintiff shall pay the remaining $ 325.04 of the filing fee as previously explained and again explained in this Order and Recommendation.

The Court has now also conducted a review of Plaintiff's Complaint [Doc. 1], as required by 29 U.S.C. § 1915A(a), and finds that Plaintiff's allegations may support a claim for relief against Defendant Joe Hastings under 42 U.S.C. § 1983. It is **RECOMMENDED**, however, that all other claims and Defendants be **DISMISSED** without prejudice pursuant to 28 U.S.C. §1915A(b)(1).

### STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. ▪ 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). A district court, however, is still required dismiss a prisoner complaint

after the initial review if the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); see also 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). The "factual allegations must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." Id. In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. Id. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because factual allegations were insufficient to support alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not meet standard in § 1915A "shall" be dismissed).

### STATEMENT AND ANALYSIS OF CLAIMS

The present action arises out of an alleged assault on Plaintiff Josh Clary at the Colquitt County Jail in Moultrie, Georgia. In his Complaint, Plaintiff alleges he was attacked and seriously injured by other inmates while awaiting a court appearance. The officer on duty, Defendant Joe Hastings, was apparently in a position to see the attack but did nothing to assist Plaintiff and even refused to open the door so that Plaintiff could flee his attackers. Since then, Plaintiff has learned

his attackers were not to be confined together. The Complaint alleges that two of his attackers were brothers and were to be kept separate because of their history of violence together. Defendant Hastings has since apologized to Plaintiff, stating he "hated that [Plaintiff] got beat up so bad."

Plaintiff did eventually escape from his attackers, without the aid of any officer, and was provided with medical treatment. At the hospital, Plaintiff received five stitches, x-rays, and a CT scan. When Plaintiff returned, the jailer, Defendant Lt. Larry Byrd, reimbursed Plaintiff for the cost of the food taken by the other prisoners during the attack. However, in response to Plaintiff's request for dental care to repair his chipped teeth, Defendant Lt. Larry Byrd stated that "in [the] prison system teeth are only pulled, not repaired."

Based on these allegations, the Court presumes that Plaintiff has attempted to state Eighth Amendment claims for "failure to protect" and "inadequate medical and/or dental care." "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828-29, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994). However, in order to constitute "deliberate indifference," the prison official must have subjective knowledge of the risk of serious harm to the plaintiff and fail to reasonably respond to the risk. Id. at 837-38. A prison official must also have a sufficiently culpable state of mind to be deliberately indifferent. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003).

In this case, Plaintiff's Complaint alleges that Officer Joe Hastings was in a position to see Plaintiff being badly beaten, and that he took no action to protect Plaintiff from suffering a serious injury. Though the Complaint is somewhat vague as to whether Officer Hastings had a sufficiently culpable state of mind, Plaintiff's allegations are at least sufficient to survive a frivolity review. Plaintiff's Eighth Amendment claim against Officer Hastings should be allowed to go forward. However, Plaintiff should not be able to go forward with a similar claim against any other named Defendant. While the Complaint alleges that someone at the prison knew Plaintiff's attackers were not to be placed together, Plaintiff does not allege that any other Defendant had personal knowledge of a risk of serious harm to Plaintiff and failed to reasonably respond to the risk.

Plaintiff has also failed to state a claim for a denial of medical or dental care. To state such a claim, a plaintiff must allege facts demonstrating (1) that he has an objectively serious medical need

which poses a substantial risk of serious harm if left unattended; and (2) that a defendant was "deliberately indifferent" to that need. Farrow v. West, 320 F.3d 1235, 1243-44 (11th Cir. 2003)). Here, the Complaint clearly demonstrates that Plaintiff *was* provided medical care after the attack. He was taken to the hospital where he received stitches and was provided x-rays and a CT scan. The only alleged denial suffered was for the repair of the three "chipped" teeth. Plaintiff, however, does not allege that the chipped teeth have caused any pain or infection or that they have otherwise interfered with his eating or sleeping habits. Certainly, in some cases, "the need for dental care combined with the effects of not receiving it may give rise to a sufficiently serious medical need to show objectively a substantial risk of serious harm." Id.; Newsome v. Chatham County Det. Ctr., 256 Fed. Appx. 342 (11th Cir. 2007). Plaintiff's allegations do not describe an injury of this magnitude. He has thus failed to sufficiently allege that he was denied care for a "serious medical need," as is required to state an Eighth Amendment claim, which appears to be the only claim against Lt. Byrd.

Plaintiff has further failed to state any claim against Captain Julius Cox. It appears from the Complaint that Captain Cox was named as a party to this action merely because he is the administrator of the jail. However, wardens and other supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates merely because of their position or supervisory responsibilities. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). To state a viable claim against a supervisory official, a plaintiff must allege that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. See id. Plaintiff has failed to link Captain Cox to the alleged constitutional violations in this case.

## CONCLUSION

The allegations in Plaintiff's Complaint, when read in a light most favorable to the Plaintiff and liberally construed in his favor, may support a claim for relief against Defendant Joe Hastings under 42 U.S.C. § 1983. It is thus **ORDERED** that service be made on Defendant Joe Hastings and that he file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is also reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of

expenses for failure to waive service pursuant to Rule 4(d).

It is **RECOMMENDED**, however, that all other claims and Defendants be **DISMISSED** from this action, without prejudice, for failure to state a claim. 28 U.S.C. §1915A(b)(1). Plaintiff may serve and file written objections to this Recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. 28 U.S.C. § 636(b)(1).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e.,

by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF

CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is

hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

        **SO ORDERED**, this 25th day of April, 2012.

                              *s/THOMAS Q. LANGSTAFF*
                               UNITED STATES MAGISTRATE JUDGE

jlr