# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

JOSH ALLEN CLARY,           :
                                      :
          Plaintiff,           :
                                        :
      VS.                   :
                                        :     **7 : 12-CV-44 (HL)**
JOE HASTY[1],              :
                                        :
         Defendant.     :

---

## RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. ▪ 1983 is a Motion for Summary Judgment filed by Defendant Hasty.  (Doc. 20).   The Plaintiff filed this action on March 19, 2012, raising allegations of Defendant's deliberate indifference to his safety while Plaintiff was confined at the Colquitt County Jail in Moultrie, Georgia.  (Doc. 1).  Plaintiff alleges that while he was confined at the jail on December 30, 2011, he was attacked and seriously injured by other inmates while awaiting a court appearance.  Plaintiff alleges that Defendant Hasty was in a position to see the attack but did not intervene, and that Hasty knew of certain inmates' violent histories and the need to keep these inmates separated, but despite this knowledge, confined the inmates with the Plaintiff.  (Doc. 1).

In his Complaint, the Plaintiff maintains that on December 30, 2011, while he was confined in the Colquitt County Jail, five (5) inmates approached him and demanded his food. (Doc. 1).   Among these five (5) inmates were two brothers, Larry Poole and William Poole.

---

[1] Although identified by the Plaintiff in his Complaint as "Joe Hastings", the Defendant's subsequent filings make it clear that Defendant's name should be spelled "Hasty".

When the Plaintiff refused to give the inmates his food, two (2) of the inmates attacked the Plaintiff, and were joined by the other three (3) inmates when the Plaintiff fought back.  Plaintiff was beaten, kicked, hit with objects, and punched, and the inmates then escorted Plaintiff to the emergency speaker on the wall after the beating.  Plaintiff maintains that "[a]ll visuality [sic] from the control booth is plexiglass where Pod Officer Joe Hast[y] was working that night."  (Doc. 1, p. 5).  After Plaintiff pushed the emergency speaker button the first time, Defendant Hasty did not open the door.  Plaintiff then "pleaded to him and explained the circumstances", and was able to leave the room when another inmate was allowed in.  *Id.*

Plaintiff was later transported to the local hospital for medical treatment of his injuries. Plaintiff states that he was later told by an officer that the Poole brothers were supposed to be separated due to their history of violence when together.  Plaintiff asserts that the jail administrators knew about the need to keep the Pooles separated and should have done so.

***Discovery***

Although the Plaintiff references Rule 56(f), apparently in regard to a perceived need for additional information under what is now Rule 56(d), the Court finds that Plaintiff has failed to point to specific issues as to which additional discovery is essential.

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure:

[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

In seeking to invoke Rule 56(d), formerly codified as Rule 56(f), "the nonmovant may not

simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Wallace v. Brownell Pontiac-GMC Company, Inc.*, 703 F.2d 525, 527 (11th Cir. 1983) (internal citations omitted). *See also Reflectone, Inc. v. Farrand Optical Company, Inc.*, 862 F.2d 841, 843-33 (11th Cir. 1989) (Rule 56[(d)] does not create a blanket prohibition on granting summary judgment motions before discovery).

*Motion for Summary Judgment*

The undersigned notified the Plaintiff of the filing of the Defendant's summary judgment motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the Court's Order.  (Doc. 26).  Plaintiff has filed unsworn responses to the Defendant's Motion.  (Docs. 27, 30).  Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Acourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.@ Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must
> support the assertion by:
> (A) citing to particular parts of materials in the record, including
> depositions, documents, electronically stored information, affidavits
> or declarations, stipulations (including those made for purposes of
> the motion only), admissions, interrogatory answers, or other
> materials; or
> (B) showing that the materials cited do not establish the absence or
> presence of a genuine dispute, or that an adverse party cannot
> produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

As the party moving for summary judgment, the defendant has the initial burden to

demonstrate that no genuine issue of material fact remains in this case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it"  Fed.R.Civ.P. 56(e)(3).  The Defendant has supported his Motion for Summary Judgment with his affidavit.

The Defendant maintains that Plaintiff's claims that he failed to intervene in and prevent the attack on Plaintiff by fellow inmates fail because Plaintiff cannot show that Defendant Hasty knew of any threat to Plaintiff's safety prior to the attack or that he was in a position to intervene.

It is well settled that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 828-829 (1994).  "Prison officials have a duty to protect prisoners from violence at the hands of other prisoners."  *Id.* at  833; *Murphy v. Turpin*, 159 Fed.Appx. 945, 947 (11th Cir. 2005).  To establish a claim of deliberate indifference, Plaintiff must produce "sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  *Hale v.Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).  "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts

4

from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* "It is not . . . every injury suffered by one prisoner at the hands of another that translates into a constitutional liability." *Purcell ex rel. Estate of Morgan v. Toombs County, Ga.*, 400 F.3d 1313, 1319 (11th Cir. 2005).

In his affidavit, Defendant Hasty states that he was working as a pod officer in the control room of Pod 3 at the Colquitt County Jail on the date in question. (Doc. 21, ¶ 6). The control room is separated from the inmates' dayrooms by three locked doors, a set of stairs and a hallway, although the control room is elevated above the dayrooms to allow observation of the inmates. *Id.* at ¶¶ 7, 8. A switch in the control room allows remote unlocking of the dayroom doors. *Id.* Defendant Hasty states that views from the control room into the dayrooms can be obstructed depending on the position of the officer and the inmate(s). *Id.* at ¶¶ 9, 10.

On December 30, 2011, at approximately 6:45 p.m., the Plaintiff began speaking over the intercom system from the dayroom where he was confined, although Defendant Hasty initially could not see Plaintiff beyond Plaintiff's feet and legs and could not understand Plaintiff's speech. *Id.* at ¶ 14. Upon finally understanding that Plaintiff wished to exit the dayroom, Defendant Hasty radioed the booking area to obtain permission for releasing the Plaintiff. *Id.* at ¶ 15. When he moved to get a better view of the Plaintiff, Defendant Hasty observed the Plaintiff surrounded by a semi-circle of inmates, but did not observe any physical altercation. *Id.* at ¶¶ 17, 18. Once Plaintiff was released upon instruction of officers in the booking area, Defendant Hasty "noticed

for the first time that it appeared to me as if Plaintiff had been hit in the face." *Id.* at ¶ 21.

Defendant Hasty testifies that he "had no role in [the] assignment [of the Poole brothers] to Dayroom 2; furthermore, at no time before the incident was I aware of any risk of harm that the Poole brothers posed to Plaintiff. . . . I observed no interaction between the Poole brothers and Plaintiff before this incident, and I was never made aware of or had any knowledge of any interaction, risk of harm or even bad feelings between Plaintiff and the Poole brothers before the incident." *Id.* at ¶ 23.

The version of the facts most favorable to the non-movant shows that the Plaintiff was assaulted by inmates on December 30, 2011, and was not released from his area of confinement by Defendant Hasty until after the assault had ceased. Defendant Hasty was in the control room during the incident, which provided a view of the dayroom in which Plaintiff was housed. According to the Plaintiff, he asked to be released from the cell area two (2) times, but was not released until after the second request, and Defendant Hasty did not enter the cell area during this time period.

In regard to Plaintiff's claim that the Defendant was deliberately indifferent based on the Defendant's alleged failure to intervene in the altercation between Plaintiff and the other inmates, he has failed to set forth adequate facts to establish such a claim. "Prison correctional officers may be held directly liable under § 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence. . . . However, in order for liability to attach, the officers must have been in a position to intervene." *Terry v. Bailey*, 376 Fed.Appx. 894, 896 (11th Cir. 2010) (*citing Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998)). An officer who fails to intervene in a fight between inmates can only be held liable if he "was physically able and had a realistic

chance to intervene and act in time to protect the inmate Plaintiff." *Glispy v. Raymond*, 2009 WL 2762636 (S.D.Fla, Aug. 28, 2009) (*citing Ensley*, 142 F.3d at 1407; *Byrd v. Clark*, 783 F.2d 1002 (11th Cir. 1986)).   The undisputed facts show that Defendant Hasty was in the control booth of the jail, and could not see anything more than Plaintiff's legs and feet when he tried to view Plaintiff prior to Plaintiff's release from the cell area.  According to his affidavit testimony, Defendant Hasty did not observe any evidence of altercation involving the Plaintiff until after Plaintiff had been released from the dayroom area.

The facts and reasonable inferences therefrom as set out by Plaintiff do not show that the Defendant had the opportunity or capability to intervene in the attack on Plaintiff, as Plaintiff states only that Defendant Hasty remained in the control room during the attack, and said control room was separated from the day room by several doors and a hallway.   Moreover, "no rule of constitutional law requires unarmed officials to endanger their own safety in order to protect a prison inmate threatened with physical violence." *Longoria v. Texas*, 473 F.3d 586, 594 (5th Cir. 2006).

Plaintiff does not establish that the Defendant was physically able and had a realistic chance to intervene and act in time to protect the Plaintiff earlier than he did.  *See Ledlow v. Givens*, 2012 WL 6176471 (11th Cir., Dec. 12, 2012) (summary judgment properly entered against prisoner, when prisoner alleged that officer failed to intervene in inmate assault until another officer arrived, but presented no evidence that officer had the ability to reasonably insert himself between the inmates and stop the assault without additional help).  The Plaintiff has "presented no evidence from which a reasonable jury could find that [the Defendant officer] could have anticipated and then stopped [the inmates' attack on Plaintiff].  Therefore, . . . [the

Defendant officer] committed no constitutional violation [in not intervening]." *Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008).

Although Plaintiff seems to suggest that Defendant Hasty should have seen the altercation from the control room, "the fact that the officers deviated from policy or were unreasonable in their actions – even grossly so – does not relieve [the Plaintiff] of the burden of showing that the officers were subjectively aware of the risk; in other words, he cannot say, 'Well, they should have known.'" *Mary Goodman, et al., v. Clayton County Sheriff Kemuel Kimbrough, et al.*, 2013 WL 3109280 (11th Cir. June 21, 2013). Moreover, such a conclusory allegation that Defendant Hasty could have seen the altercation cannot defeat a properly supported motion for summary judgment. *Bennett v. Parker*, 898 F.2d 1530, 1533-34 (11th Cir. 1990). "Mere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment." *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989). Without more than his own conjecture, the Plaintiff cannot create a genuine issue of material fact regarding this issue. *See Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 642 (11th Cir. 1998) (conclusory allegations without specific supporting facts have no probative value). Plaintiff "has adduced no evidence that [Defendant Hasty] was subjectively aware of the peril to which [the Plaintiff] was exposed on the night in question, and that failure is fatal to his claim." *Goodman*, 2013 WL 3109280 at 13.

Additionally, Plaintiff does not allege facts indicating that Defendant Hasty was aware of a substantial risk of serious harm posed to Plaintiff by other jail inmates. In order to establish the Defendant's deliberate indifference to a serious risk of injury, the known risk of injury must have been a strong likelihood rather than a mere possibility before an official's failure to act can

constitute deliberate indifference. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). "We will not allow the advantage of hindsight to determine whether conditions of confinement amounted to cruel and unusual punishment." *Purcell*, 400 F.3d at 1320.

Thus, Plaintiff's allegations that the Defendant should have foreseen the attack amount only to a claim for negligence, and a defendant jail official's negligent failure to protect the Plaintiff from a risk of harm will not support a finding of liability under § 1983. *Farmer*, 511 U.S. at 835-39; *Brown*, 894 F.2d at 1537. "[B]efore Defendants' awareness arises to a sufficient level of culpability, there must be much more than mere awareness of [an inmate's] generally problematic nature. . . . [A] generalized awareness of risk . . . does not satisfy the subjective awareness requirement." *Carter v. Galloway*, 352 F.3d 1346, 1349-50 (11th Cir. 2003).

Moreover "prison officials ... may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety'. . . [P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishment Clause." *Farmer*, 511 U.S. at 844-45 (internal citations omitted); *see also Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1028 (11th Cir. 2011)("An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk"). Plaintiff has not rebutted the Defendant's showing that reasonable steps were taken to address the situation once Defendant Hasty understood that Plaintiff had been physically assaulted. *See MacKay v. Farnsworth*, 48 F.3d 491 (10th Cir. 1995) (measures taken by prison officials to abate harm, including verbal commands and waiting for additional back-up, were reasonable and evidenced no deliberate indifference on the part of the officials).

Accordingly, as the Plaintiff has failed to overcome the Defendant's summary judgment showing that he did not act with deliberate indifference to a serious threat of harm to the Plaintiff, in either failing to protect him from, or intervene in, any harm, it is the recommendation of the undersigned that Defendant Hasty's Motion for Summary Judgment be **GRANTED**.

Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this  3rd day of July, 2013.

**s/  *THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**

10